

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIE BELLIARD, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　Defendant. | Case No.: 25cv0884-W-BJW<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 18]** |

　　　Before the Court is Jurewitz Law Group's ("Jurewitz") motion to withdraw as attorney of record for Plaintiff Josie Belliard ("Plaintiff"). (Doc. 18.) Jurewitz states that Plaintiff and Defendant American Airlines ("Defendant") will not be opposing the motion. (*Id*. at 2.) The hearing date set for January 12, 2026, is **VACATED**[1]. The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motion is **GRANTED** [Doc. 18].

---

[1] In light of Jurewitz's motion and accompanying exhibits, the Court finds good cause to decide this motion before the hearing date to avoid unnecessary delay.

## I. FACTUAL BACKGROUND

On April 14, 2025, Plaintiff filed a complaint in this Court against Defendant. (*Complaint* [Doc. 1].) Plaintiff was a passenger on an American Airlines flight and fell on the way to the bathroom due to a blanket being in the aisle. (*Id.*) Plaintiff alleges that Defendant breached its duty of care and was negligent by failing to warn or remove the dangerous condition. (*Id.*) On July 17, 2025, Defendant answered the complaint. (*Answer* [Doc. 4].) On October 15, 2025, Magistrate Judge Brian White conducted an early neutral evaluation and case management conference. (Doc. 14.) The case did not settle, and a scheduling order was entered. (Docs. 14, 15.) On November 10, 2025, Jurewitz filed a consent order form for substitution of attorney. (*See* Doc. 16.) The Court, however, struck the document since withdrawing as counsel generally requires a fully briefed motion. (Doc. 17.) Now Jurewitz again moves to withdraw as attorney of record for Plaintiff. (*Mtn.* [Doc. 18-1].)

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); CivLR 83(3)(f)(3). "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-06599, 2009 WL 89141, at *1 (E.D. Cal. Jan 14, 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. *See Nehad v. Mukasey*, 535 F.3d 962,

970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under the California professional conduct rules, an attorney may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b).

### III. ANALYSIS

Jurewitz asserts that good cause exists to withdraw as Plaintiff's counsel due to a break down in the attorney-client relationship. (*Mtn*. at 2-5.) In support of its motion, Jurewitz states that Plaintiff "became dissatisfied with the services being provided and elected to terminate the attorney-client relationship[,]" and that "irreconcilable differences regarding litigation strategy and case management" have arisen. (*Id*. at 4.) Jurewitz further explains that "Plaintiff has repeatedly rejected counsel's professional advice while insisting on actions that are contrary to counsel's legal judgment and years of experience." (*Id*.) "Plaintiff has also accused counsel of incompetence, thereby rendering continued representation unreasonably difficult." (*Id*.) Jurewitz concludes that "[t]his strained relationship has impaired counsel's ability to effectively and ethically advocate on Plaintiff's behalf." (*Mtn*. at 4.)

Jurewitz also includes email communications with Plaintiff in its motion. (*Mtn. Ex. A* [Doc. 18-2].) In an email dated October 30, 2025, Plaintiff wrote "you are no longer my lawyer. If you have any documents belonging to me, please return them asap." (*Id*. at 8.) The remaining emails appear to concern coordination of Jurewitz's withdrawal from the case. (*See Mtn. Ex. A*.) Furthermore, Jurewitz includes the previously stricken consent order form for substitution of attorney with Plaintiff's signature. (*See Mtn. Ex. B* [Doc. 18-2].)

Based on the above, the Court finds that both Plaintiff and Jurewitz wish to terminate the attorney-client relationship. Jurewitz's motion and representations indicate that there has been a breakdown in the attorney-client relationship. Moreover, it does not appear that Jurewitz's withdrawal or termination will cause any prejudice, harm, or undue

delay in this matter. Accordingly, these factors weigh in favor of permitting Jurewitz to withdraw as Plaintiff's attorney of record. The Court finds that a 60-day continuance of all case deadlines is appropriate to give Plaintiff additional time to find another attorney. No further delays will be permitted.

## IV.  CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** Jurewitz's motion to withdraw as attorney of record for Plaintiff [Doc. 18] and **ORDERS** as follows:

- Jurewitz shall serve a copy of this order on Plaintiff and shall file the proof of service;
- No later than **January 2, 2026**, Plaintiff shall file a notice with this Court confirming the mailing address for service of process; and
- In light of this order, the Court **CONTINUES** all current case deadlines by 60 days to give Plaintiff more time to find an attorney.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

Hon. Thomas J. Whelan
United States District Judge